UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GARY EVANS,

                                       Plaintiff,

        v.                                                           1:19-CV-805
                                                                    (MAD/CFH)

EPIMED INTERNATIONAL,

                                       Defendant.
_____

**APPEARANCES:**

Gary Evans
28 Chestnut Street
Gloversville, New York 12078
Plaintiff <u>pro se</u>

## REPORT-RECOMMENDATION & ORDER

### I. In Forma Pauperis

Plaintiff <u>pro se</u> Gary Evans commenced this action on July 8, 2019, with the filing of a complaint and an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."), Dkt. Nos. 1-2. Plaintiff also filed a motion for appointment of counsel. Dkt. No. 3. After reviewing plaintiff's application, the undersigned concludes that plaintiff may properly proceed IFP for purposes of filing.[1] The undersigned must next assess plaintiff's complaint pursuant to 28 U.S.C. § 1915(e).

### II. Initial Review

#### A. Legal Standard

---

[1] Plaintiff should note that she will still be required to pay fees that she may incur in this action, including but not limited to, copying and/or witness fees.

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8 (a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

2

Further, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

In deciding whether a complaint states a colorable claim, a court must extend a measure of deference to pro se litigants, Nance v. Kelly, 912 F.2d 605, 606 (2d Cir.1990) (per curiam), also referred to as "special solicitude." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).  However, the court also has an obligation to determine that a claim is not legally frivolous before permitting a pro se plaintiff's complaint to proceed.  See, e.g., Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000).  A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir.

3

1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted). In such cases of dismissal, particularly when reviewing a pro se complaint, the court generally affords the plaintiff an opportunity amend the complaint as long as there is a possibility that an amendment would be able to cure the identified defects. See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

### B. Complaint

Plaintiff completes his complaint on a form for civil complaints pursuant to Title VII of the Civil Rights Act, as amended. See Compl. Plaintiff indicates, through checking off boxes, that his employment was terminated due to his race or color. Id. at 2. The form complaint contains one paragraph wherein plaintiff contends that there were unspecified allegations of wrongful conduct and directs the Court to attached paperwork. Id. at 3. The attached paperwork is a charge of discrimination form from the New York State Division of Human Rights and an EEOC right to sue letter. Id. at 6-7. The charge of discrimination form is signed April 10, 2019. Id. at 6. It states:

4

> [d]uring the course of [his] employment, [he] was subjected to a racially hostile work environment. Offensive racial comments and threats were made to me. On about January 17, 2018 I called in sick to work. In the beginning of January 2018, I had been given all of my sick time as well as my vacation to use. On/about January 18, 2018 I received a text message that I should not punch in when I came back to work. I believe I was terminated because of my race/Black. This is in willful violation of the Civil Rights Act of 1964 as amended.

Id. at 7. The EEOC right to sue letter is dated April 9, 2019.

Within the complaint, plaintiff directs the Court to contact an employee of the Equal Employment Opportunity Commission for more information. Id. Plaintiff indicates that his causes of action are "a charge of discrimination" under Title VII and "Termination in Violation of Employment Agreement. Epimed did not follow their own discipline or termination policy contained within their employer handbook." Id. at 4. Plaintiff provides that he filed charges with the New York State Division on Human Rights or the Equal Employment Opportunity Commission on July 27, 2018 and obtained a right to sue notice on November 28, 2018. Id. at 4.[2] He requests "'monetary damages,' I suffered losses to due employer's wrongful actions." Id. at 5.

### C. Review of Complaint

Plaintiff's complaint fails to provide the Court with sufficient information to assess plaintiff's Title VII claims. Beyond a few sentences in the attached charge of

---

[2] The Court observes that the dates plaintiff provides in his complaint do not match the dates provided in the Charge of Discrimination form and EEOC Right to Sue letter plaintiff attached to his complaint. Compare Compl. at 4 with Compl. at 6-7.

5

discrimination form, plaintiff tells the Court no other details from which the Court can assess the merits of his claims. Although plaintiff directs the Court to contact an EEOC employee for further details is not the Court's responsibility to reach out to an EEOC employee to obtain details on plaintiff's claims; rather, it is plaintiff's responsibility to set forth the facts and legal claims on which he wishes to proceed with sufficient detail such that the Court can assess these claims and any potential defendants could understand the claims alleged against them. Thus, the complaint fails to meet the requirements of Federal Rules of Civil Procedure 8 and 10. It is recommended that plaintiff's complaint be dismissed without prejudice and with leave to amend to set forth with detail the facts and circumstances surrounding plaintiff's claims. Plaintiff is advised that any amended complaint must set forth his claims in numbered paragraphs, with each paragraph "limited as far as practicable to a single set of circumstances." See FED. R. CIV. P. 8, 10.

### III. Motion for Appointment of Counsel

Plaintiff provides that he has contacted two law firms, the Abdella Law Office and Gleason, Dunn, Walsh & O'Shea. Dkt. No. 3 at 1. Plaintiff attaches a letter of correspondence from Gleason, Dunn, Wash, & O'Shea declining to accept representation due to a high volume of cases. Id. Plaintiff contends that counsel should be appointed because he "believe[s] [he] cannot afford an attorney." Id.

First, plaintiff's financial status, without more, is also not reason to appoint counsel. It is well-settled that "[a] party has no constitutionally guaranteed right to the

assistance of counsel in a civil case." Leftridge v. Connecticut State Trooper Officer No. 1283, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted). Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. Hendricks v. Coughlin, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion. As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance. A motion for appointment of counsel may be properly denied if the court concludes that the plaintiff's "chances of success are highly dubious." Leftridge, 640 F.3d at 69. If the court finds that the plaintiff's claims have substance, the court should then consider:

> The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986)). This is not to say that all, or indeed any, of these factors are controlling in a particular case; rather, each case must be decided on its own facts. Velasquez v. O'Keefe, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing Hodge, 802 F.2d at 61).

Here, plaintiff has not yet demonstrated that his case is likely to be of substance. The undersigned has recommended dismissal of his complaint for failure to comply with Fed. R. Civ. P. 8 and 10. Further, the fact that plaintiff is pro se and inexperienced in

7

legal matters, and defendants are represented by counsel, does not require this Court to appoint plaintiff counsel. Were that the case, counsel would need to be appointed to nearly every pro se plaintiff in civil actions. Appointment of counsel in civil cases is a privilege which is justified only by exceptional circumstances, not a right accorded to any plaintiff who would be better equipped or would feel more comfortable with legal representation. Although plaintiff may prefer the assistance of counsel, it does appear, based on plaintiff's submissions, that he is an intelligent person who is capable of representing his positions and expressing his thoughts. See, e.g., Brown v. Enzyme Dev. Div. of Biddle Sawyer Corp., 780 F. Supp. 1025, 1026 (S.D.N.Y. 1992). Lack of knowledge of the law does not suffice to demonstrate that appointment of counsel would increase the likelihood of a just determination in this case. See Ballard v. United States, 11 Civ. 7162 (JSR)(RLE), 2012 WL 3765022, at *1 (S.D.N.Y. Aug. 30, 2012) (denying appointment of counsel and stating that, "other than his general comment that he is 'completely unfamiliar with law,' the plaintiff "has not demonstrated any marked difficulties in presenting his case and fails to state why appointment of counsel would increase the likelihood of a just determination in this case.").

Accordingly, plaintiff's motion for appointment of counsel is denied without prejudice.

### IV.  Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's application to proceed in forma pauperis, dkt. no. 2, is

8

**GRANTED**; and it is further

**ORDERED**, that plaintiff's motion for appointment of counsel, dkt. no. 3, is **DENIED without prejudice**; and it is

**RECOMMENDED**, that plaintiff's complaint, dkt. no. 1, be **DISMISSED without prejudice** and with leave to amend; and it is further

**RECOMMENDED**, that, should the District Judge adopts this Report-Recommendation & Order, plaintiff be permitted to amend his complaint, within thirty (30) days of adoption of this Memorandum-Decision and Order by the assigned District Judge, and that if plaintiff fails to file an amended complaint within that time period, the case be closed without further order of the Court.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within **fourteen (14) days** after being served with a copy of the . . . recommendation." N.Y.N.D. L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  <u>FAILURE TO OBJECT TO THIS REPORT WITHIN **FOURTEEN** DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.**  <u>Roldan v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993); <u>Small v. Sec'y of HHS</u>, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).[3]

---

[3]   If you are proceeding <u>pro se</u> and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  <u>Id.</u> § 6(a)(1)(C).

9

Dated: September 19, 2019
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

10