**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

GARY EVANS,

                                   Plaintiff,

        v.                                               1:19-CV-805 (MAD/CFH)

EPIMED INTERNATIONAL,

                                   Defendant.

---

**APPEARANCES:**

Gary Evans
28 Chestnut Street
Gloversville, New York 12078
Plaintiff pro se

# DECISION & ORDER

## I. Background

Plaintiff pro se Gary Evans commenced this action on July 8, 2019, with the filing of a complaint and an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."), Dkt. Nos. 1-2. On September 19, 2019, the undersigned issued a Report-Recommendation & Order which, as relevant here, recommended that plaintiff's complaint be dismissed without prejudice and with opportunity to amend for its failure to comply with Federal Rules of Civil Procedure 8 and 10 because it did not contain sufficient details by which the Court could assess its claims. Dkt. No. 6. On October 21, 2019, plaintiff filed an Amended Complaint. Dkt. No. 8 ("Am. Compl."). On October 23, 2019, U.S. District Judge D'Agostino adopted the Report-Recommendation & Order in its entirety. Dkt. No. 9. Judge D'Agostino referred the amended complaint to the

undersigned for review. Dkt. No. 10.

## II. Amended Complaint

Plaintiff contends that he was employed by defendant Epimed International until January 17, 2018. Am. Compl. at 2. Plaintiff provides that Larry Kane, his supervisor, subjected him to "a racially hostile work environment." Id. at 3. Mr. Kane made "comments and threats" to plaintiff that were "racial" in nature. Id. Plaintiff contends that he did not report the comments and threats because he feared he would be terminated. Id. However, at some point, plaintiff did report the comments or threats to "floor supervisor" Chad Smith who "kinda laughed it off as if it was a joke and said Mr. Kane likes me and was just joking around." Id. Mr. Kane would call plaintiff "chocolate chip" and "Jumanji" on a regular basis. Id. Mr. Kane also referred to plaintiff as a "great fucking tool" and told another employee that "every white man should own one." Id. at 4. Mr. Kane laughed when he told this to the other employee. Id. Mr. Kane had also told plaintiff to smile because "'I can't see ya.'" Id. Plaintiff asked Mr. Kane to stop making such comments, but Mr. Kane would only stop for a short period of time and would then begin making the comments again. Id. Mr. Kane would also threaten plaintiff that if he did not work faster, he would be fired. Compl. at 4. However, the speed at which Mr. Kane demanded plaintiff work was "impossible." Id.

On or about January 17, 2018, plaintiff called into work sick. Compl. at 4. Plaintiff had "earned all my sick time and vacation time to use throughout the year when I wanted to use it." Id. The next day, Mr. Kane sent plaintiff a text message "with a mad emoji face, stating that I should not punch in that morning[.]" Compl. at 4. Plaintiff

2

went to work, and Mr. Kane told him that he was to clean out his locker. Id. at 5. Plaintiff was not told why he was terminated. Id. Plaintiff contends that Epimed's Standards of Procedure and Employee Handbook require that he sign paperwork that explains the reason for termination, which he did not do. Id. Further, plaintiff advises that Epimed did not pay him for his sick time that he had earned. Id. Plaintiff demands "monetary damages" for his alleged wrongful termination.

### III. Assessment

Plaintiff contends that defendant Epimed violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") by (1) creating a racially-hostile work environment, and (2) discriminating against him and terminating him on the basis of his race. Plaintiff also alleges that Epimed violated it's own internal policies and procedures in that they did not inform him of his reason for termination, have him sign termination papers, or pay him for his accrued sick time. See generally Am. Compl.

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

3

In deciding whether a complaint states a colorable claim, a court must extend a measure of deference to pro se litigants, Nance v. Kelly, 912 F.2d 605, 606 (2d Cir.1990) (per curiam), also referred to as "special solicitude." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). However, the court also has an obligation to determine that a claim is not legally frivolous before permitting a pro se plaintiff's complaint to proceed. See, e.g., Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted). In such cases of dismissal, particularly when reviewing a pro se complaint, the court generally affords the plaintiff an opportunity amend the complaint as long as there is a possibility that an amendment would be able to cure the identified defects. See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the

4

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

Mindful of the requirement to liberally construe pro se pleadings, Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that the amended complaint alleges enough to warrant a responsive pleading. In so ruling, the Court expresses no opinion as to whether plaintiff's claims can withstand a properly-filed motion to dismiss or for summary judgment. Upon reviewing plaintiff's complaint pursuant to section 1915(e), the Court finds that plaintiff may properly proceed with this action.

### III. Conclusion

**WHEREFORE**, it is hereby

**ORDERED**, that plaintiff's Amended Complaint (dkt. no. 8) survive initial review; and it is

**ORDERED**, that the Clerk of the Court provide plaintiff with a blank summons; and it is further

**ORDERED**, that plaintiff is to complete the proposed summons, and send it to the Clerk of the United States District Court, Northern District of New York, James Hanley U.S. Courthouse & Federal Building, 7th Floor, 100 South Clinton Street, Syracuse, New York 13261-7367 within **thirty (30)** days from the date of this Order; and it is further

**ORDERED,** that once the Clerk has received from plaintiff the completed, proposed summons, that the Clerk shall issue it and forward it, along with a copy of the amended complaint and a packet containing General Order 25, which sets forth the Civil Case Management Plan used by the Northern District of New York, to the United States Marshal for service upon the defendant; and it is further

**ORDERED**, that a formal response to the amended complaint be filed by the defendant or counsel as provided for in the Federal Rules of Civil Procedure subsequent to service of process on the defendant; and it is further

**ORDERED**, that the Clerk is directed to schedule a Rule 16 Conference before the assigned Magistrate Judge; and it is further

**ORDERED**, that any paper sent by a party to the Court or the Clerk shall be accompanied by a certificate setting forth the date a true and correct copy of it was mailed to all opposing parties or their counsel. Any letter or other document received by the Clerk or the Court which does not include a certificate of service which clearly states that an identical copy was served upon all opposing parties or their attorneys is to be returned, without processing, by the Clerk. Plaintiff shall also comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action; and it is further

**ORDERED**, that all motions shall comply with the Local Rules of Practice of the Northern District; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision & Order on plaintiff in accordance with the Local Rules.

Dated: October 28, 2019
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge