**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**GARY EVANS,**

                                                    **Plaintiff,**

        **vs.**                                                        **1:19-CV-805**
                                                                       **(MAD/CFH)**

**EPIMED INTERNATIONAL,**

                                                    **Defendant.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**GARY EVANS**
Plaintiff _pro se_

**BOND, SCHOENECK & KING**          **MICHAEL D. BILLOK, ESQ.**
**PLLC - ALBANY**                            **ERIC M. O'BRYAN, ESQ.**
22 Corporate Woods Blvd., Suite 501
Albany, New York 12211
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

        On July 8, 2019, Plaintiff _pro se_ commenced this action against Defendant, alleging

violations of Title VII of the Civil Rights Act of 1964 ("Title VII").  _See_ Dkt. No. 1.  Upon initial

review, Plaintiff's complaint was dismissed with the opportunity to amend.  _See_ Dkt. Nos. 6, 9.

On October 21, 2019, Plaintiff filed an amended complaint alleging violations of Title VII and his

employment agreement with Defendant.  _See_ Dkt. No. 8 at 2-3.  On March 13, 2020, Defendant

moved to dismiss Plaintiff's complaint in its entirety.  _See_ Dkt. No. 22.  For the following reasons,

Defendant's motion is granted.

## II. BACKGROUND

Plaintiff alleges that throughout the course of his employment with Defendant, he was subjected to a hostile work environment and ultimately terminated because of his race. *See* Dkt. No. 8 at 3. Specifically, Plaintiff alleges that his supervisor, Larry Kane, repeatedly made racially charged comments and threats to Plaintiff. *See id.* Plaintiff alleges that Mr. Kane repeatedly referred to Plaintiff as "chocolate chip," "oreo," and "jumanji." *See id.* at 3-4. Plaintiff further alleges that Mr. Kane once stated "[h]ey look at 'jumanji' go, great fucking tool, every white man should own one." *See id.* at 4. On another occasion, Mr. Kane allegedly stated "smile 'jumanji' I can't see ya." *Id.* Plaintiff alleges that he was terminated by Mr. Kane after calling into work sick on January 17, 2018. *See id.*

Defendant moves to dismiss Plaintiff's complaint for failure to exhaust his administrative remedies. *See* Dkt. No. 22-1 at 8. Specifically, Defendant claims that Plaintiff never satisfied the Title VII requirement that he file a charge "under oath or affirmation" within 300 days of the alleged act. *See id.* at 9-10. In the alternative, Defendant argues that Plaintiff's allegations, even if true, would not rise to the level of a hostile work environment or create an inference that his termination was due to his race. *See id.* at 11.

In support of its motion to dismiss, Defendant attaches a number of documents which it obtained as a result of a Freedom of Information Act request to the EEOC. *See* Dkt. No. 22-1 at 8-9. The Court takes judicial notice of these documents and considers them in its review of Defendant's motion to dismiss.[1] These documents reveal that after Plaintiff filed his initial

---

[1] In deciding a motion to dismiss, the Court may take judicial notice of, and rely upon, public documents or matters of public records. *See, e.g., Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 294 (S.D.N.Y. 2018) (collecting cases); *Porrazzo v. Bumble Bee Foods, LLC*, 822 F. Supp. 2d 406, 411 (S.D.N.Y. 2011) (judicial notice of "publicly available documents" permitted).

(continued...)

complaint of discrimination, the EEOC sent him a formal charge for his execution. *See* Dkt. No. 22-2 at 7. Having received no response, the EEOC closed Plaintiff's charge of discrimination on April 3, 2019, and issued Plaintiff a notice of dismissal. *See id.* at 5, 7. However, on April 23, 2019, the EEOC received Plaintiff's verified charge, which Plaintiff claims to have mailed on April 10, 2019. *See id.* at 7; *see also* Dkt. No. 26 at 7.

## III. DISCUSSION

**A.     Legal Standard**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

---

[1](...continued)
Courts routinely take judicial notice of filings and determinations in EEOC investigations. *Smith v. New York City Dep't of Educ.*, No. 18-CV-8545, 2019 WL 6307471, *1 n.2 (S.D.N.Y. Nov. 22, 2019) (collecting cases).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w]' that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

In deciding a motion to dismiss, the court may consider "documents attached to, or incorporated by reference in the Complaint, and matters of which judicial notice may be taken[.]" *Thomas v. Westchester Cty. Health Care Corp.*, 232 F. Supp. 2d 273, 275 (S.D.N.Y. 2002) (citing *Leonard F. v. Israel Discount Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999)) (other citation omitted). "Documents that are integral to plaintiff's claims may also be considered, despite plaintiff's failure to attach them to the complaint." *Id.* (citing *Cortec Indus., Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 46-48 (2d Cir. 1991)).

**B.    Application**

    *1. Exhaustion of Administrative Remedies*

It is well-established that before filing a Title VII claim in federal court, a plaintiff needs to first exhaust all of his or her administrative remedies. *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82-83 (2d Cir. 2001) (citing 42 U.S.C. § 2000e-5(e) (2001)) (other citations omitted). In order to comply with Title VII's administrative exhaustion requirements, a charge of discrimination or harassment generally must be filed with the EEOC within 180 days of the alleged unlawful employment practice or condition. *See* 42 U.S.C. § 2000e-5(e)(1). In states in which a state or local agency has overlapping authority to investigate such claims, the plaintiff's filing deadline is extended to 300 days. *See id.* Since New York has its own employment discrimination agency, a plaintiff filing discrimination or harassment charges with the EEOC must meet the 300-day filing deadline. *See Morales v. New York State Dep't of Labor*, 865 F. Supp. 2d 220, 239 (N.D.N.Y. 2012) (citing *Pikulin v. City Univ. of N.Y.*, 176 F.3d 598, 599 (2d Cir. 1999) (*per curiam*)).

"Charges shall be in writing under oath or affirmation[.]" 42 U.S.C. § 2000e-5(b). If the plaintiff does not provide the oath or affirmation with the initial charge, he may cure the deficiency by subsequently submitting a signed and verified EEOC complaint. *See Edelman v. Lynchburg Coll.*, 535 U.S. 106, 118-19 (2002). "The regulations do not specify the time limit to file such an amendment, but courts generally allow amendment until the EEOC closes its investigation." *Cherry v. New York City Hous. Auth.*, No. 15-CV-6949, 2017 WL 4357344, *10 (E.D.N.Y. Sept. 29, 2017) (citing *Cooper v. Xerox Corp.*, 994 F. Supp. 429, 433-35 (W.D.N.Y. 1998)).

Here, the record indicates that Plaintiff sent his verified complaint to the EEOC after it had closed his case. *See* Dkt. No. 22-2 at 7. Because the EEOC had already closed its investigation, Plaintiff's subsequently submitted verified complaint cannot relate back to his original filing. *See Cherry*, 2017 WL 435744, at *10. Therefore, Plaintiff's claim is time-barred. However, Plaintiff

5

argues that the EEOC's deadline should be subject to equitable tolling because his incarceration prevented him from submitting the verified complaint in a timely manner. *See* Dkt. No. 26 at 8-9.

### 2. Equitable Tolling

The 300-day limitations period is not a jurisdictional prerequisite to suit in federal court; it is "a requirement that, like the statute of limitations, is subject to waiver, estoppel and equitable tolling[.]" *Mauro v. Bd. of Higher Ed.*, 658 F. Supp. 322, 323 (S.D.N.Y. 1986) (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).  Equitable tolling is only appropriate in "'rare and exceptional circumstance[s],' such as when a party 'is prevented in some extraordinary way from exercising his rights.'" *Cherry v. City of New York*, 381 Fed. Appx. 57, 59 (2d Cir. 2010) (quotation omitted).  "In determining if equitable tolling should apply, the court should consider whether the plaintiff (1) has acted with reasonable diligence during the time period he seeks to have tolled and (2) has proved extraordinary circumstances justifying application of the doctrine." *Id.* (citation omitted).  In this circuit, "equitable tolling is not warranted merely because a plaintiff is in prison." *Taylor v. Direct*, No. 12-CV-2084, 2012 WL 6053712, *5 (S.D.N.Y. Dec. 5, 2012) (citing *Walker v. Jastremski*, 159 F.3d 117, 119 (2d Cir. 1998)) (other citations omitted); *see also Perry v. Sony Music*, 462 F. Supp. 2d 518, 520 (S.D.N.Y. 2006) (citing *Walker*, 159 F.3d at 119).

Here, the EEOC closed Plaintiff's charge of discrimination on April 3, 2019, and issued Plaintiff a notice of dismissal.  *See* Dkt. No. 22-2 at 5, 7.  Plaintiff's verified charge, which he claims to have sent on April 10, 2019, following his release from prison, was not received by the EEOC until April 23, 2019, after the investigation had already been closed.  *See id.* at 7; *see also* Dkt. No. 26 at 7.  Plaintiff argues that he was unaware that he needed to submit a verified

complaint because of his incarceration, but that he mailed the complaint only two days after receiving notice of the EEOC's dismissal.  *See* Dkt. No. 26 at 7, 9.

Initially, the Court notes that there is no indication that Plaintiff complied with the EEOC's requirement to notify the commission of a change of address or prolonged absence from the listed address.  *See* 29 C.F.R. § 1601.7(b).  This failure alone often serves as a basis for courts to reject equitable tolling arguments in such instances.  *See Taylor*, 2012 WL 6053712, at *5 n.16 (collecting cases).  Additionally, Plaintiff provides no justification for his delayed submission of the verified complaint other than his imprisonment.  Finally, Plaintiff does not allege that, during his incarceration, he made any attempts to check on the status of his claim before the EEOC.  Thus, he has failed to demonstrate extraordinary circumstances justifying application of equitable estoppel.  *See id.* at *5.

Accordingly, the Court grants Defendant's motion to dismiss on this ground.

### 3. Title VII Claims

In the alternative, Defendant argues that Plaintiff has failed to set forth a plausible cause of action for racial discrimination.  *See* Dkt. No. 27 at 6.  Specifically, Defendant argues that Plaintiff has failed to allege causation between Mr. Kane's alleged racial slurs and Plaintiff's termination, and has failed to allege that he was treated differently than similarly situated individuals.  *See id.*  As to Plaintiff's hostile work environment claim, Defendant argues that Plaintiff's allegations lack the specificity required to establish that the conduct was severe or pervasive.  *See id.* at 13-14.

"To establish a prima facie case of discrimination under Title VII, a plaintiff must demonstrate: (1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment action; and (4) circumstances surrounding the employment action that give rise to an

inference of discrimination." *Fahrenkrug v. Verizon Servs. Corp.*, 652 Fed. Appx. 54, 56 (2d Cir. 2016) (citations omitted).

In his response to Defendant's motion, Plaintiff alleges that Mr. Kane referred to him as "jumanji" and said that if he did not work faster, he would be fired. *See* Dkt. No. 26 at 8. Plaintiff argues that this comment, in conjunction with the fact that Mr. Kane is the one who ultimately terminated Plaintiff, gives rise to an inference of discrimination. *See id.* Further, Plaintiff alleges that he was Defendant's only non-Caucasian employee and was the only employee threatened with termination. *See id.* at 10. However, in his complaint, Plaintiff alleges only that he was fired after calling in sick to work and that his supervisor had threatened him with termination if he did not work faster. *See* Dkt. No. 8 at 4. These allegations do not give rise to an inference of discrimination based on Plaintiff's race. Therefore, Plaintiff's discrimination action regarding his termination is dismissed.

"To state a hostile work environment claim in violation of Title VII, a plaintiff must plead facts that would tend to show that the complained of conduct: (1) 'is objectively severe or pervasive, that is, . . . the conduct creates an environment that a reasonable person would find hostile or abusive'; (2) creates an environment 'that the plaintiff subjectively perceives as hostile or abusive'; and (3) 'creates such an environment because of the plaintiff's [race].'" *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (quotation omitted). The standard for establishing a hostile work environment is high, *Terry v. Ashcroft*, 336 F.3d 128, 148 (2d Cir. 2003), and such a claim cannot be based upon vague, unsupported allegations. *Thomas v. Bergdorf Goodman, Inc.*, No. 03-CV-3066, 2004 WL 2979960, *8 (S.D.N.Y. Dec. 22, 2004).

Plaintiff must plausibly allege both objective and subjective elements, *i.e.*, that the conduct alleged is so severe and pervasive as to create an environment that "would reasonably be

perceived, and is perceived, as hostile or abusive[.]" *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 22 (1993) (citation omitted).  The Supreme Court has held that a work environment's hostility should be assessed based on the "totality of the circumstances[.]" *Patane*, 508 F.3d at 113 (citing *Harris*, 510 U.S. at 23).  Factors to consider in assessing the totality of the circumstances include: "(1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is threatening and humiliating, or a mere offensive utterance; and (4) 'whether it unreasonably interferes with an employee's work performance.'" *Id.* (quoting *Harris*, 510 U.S. at 23).  With respect to the frequency of the alleged conduct, it is not only how long the conduct lasts, but also the offensiveness of the actions that should be considered in determining whether such actions are pervasive.  *See Carrero v. New York City Hous. Auth.*, 890 F.2d 569, 578 (2d Cir. 1989). Isolated, minor episodes of harassment do not, however, merit relief.  *See Torres v. Pisano*, 116 F.3d 625, 631 (2d Cir. 1997); *see also Ferguson v. New York City Transit Auth.*, No. 01-CV-1259, 2005 WL 3149524, *9 (E.D.N.Y. Nov. 23, 2005) (holding that the plaintiff's claims, which occurred three months apart, were not severe or pervasive).  "[F]or racist comments, slurs and jokes to constitute a hostile work environment, there must be more than a few isolated incidents of racial enmity, meaning that instead of sporadic slurs, there must be a steady barrage of opprobrious racial comments." *Chick v. County of Suffolk*, 546 Fed. Appx. 58, 59 (2d Cir. 2013) (quotation omitted).

In his complaint, Plaintiff alleges his supervisor, Mr. Kane, repeatedly referred to him using racial slurs such as "chocolate chip," "oreo," and "jumanji."  *See* Dkt. No. 8 at 3-4.  In his opposition to Defendant's motion, Plaintiff claims that he was repeatedly subjected to these comments on a daily basis from 2014 to 2018.  *See* Dkt. No. 26 at 8, 10.  Plaintiff further alleges that at one point, Mr. Kane said to another employee "hey look at 'jumanji' go, great fucking tool,

every white man should own one." *See* Dkt. No. 8 at 4.  Drawing all reasonable inferences in Plaintiff's favor, as the Court must, the Court finds that Plaintiff's allegations would be sufficiently specific to survive a motion to dismiss on this claim.  *See Watkins v. N.Y. City Transit Auth.*, No. 16-CV-4161, 2018 WL 895624, *5 (S.D.N.Y. Feb. 13, 2018).  However, for the reasons described above, Plaintiff's claims must still be dismissed as time-barred.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motions to dismiss (Dkt. No. 22) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 14, 2020
      Albany, New York

Mae A. D'Agostino
U.S. District Judge